## PARIS v. DuPRE.

1. Under a general denial of a complaint which alleged plaintiff's lawful possession of personal property taken from him by defendant and demanded its recovery and damages, the defendant, after proof of his seizure, as sheriff, of such property under attachment against one W, and that W had been the owner, may offer evidence to show a want of *bona-fide* consideration in the transfer from W to plaintiff, although the answer alleged neither fraud nor facts tending to show fraud.

2. After evidence of collusion between a debtor and the purchaser of his property to defraud creditors, the declarations of the debtor, both before and after the transfer, may be given in evidence against the purchaser.

3. "Because the verdict and judgment are in all respects contrary to the law and evidence," is too general an exception to require any judgment of this court upon it.

4. It has been the practice in this state for a creditor to levy his execution upon personal property fraudulently disposed of, before obtaining a return of *nulla bona* on his execution.

Before KERSHAW, J., Abbeville, January, 1881.

Hon. Thomas B. Fraser, of the Third Circuit, sat in the place of Mr. Justice McGowan, who had been of counsel in the cause.

Action by Reuben J. Paris against J. F. C. DuPre, as sheriff of Abbeville county, commenced January 31, 1879. The complaint was as follows:

The complaint of the above-named plaintiff respectfully shows to this court:

I. That at the time hereinafter mentioned the plaintiff was lawfully possessed of the property described in Exhibit "A" herewith attached, and which the plaintiff prays may be taken as a part of this complaint, of the value of about nine hundred dollars, then and ever since his property.

II. That on the 7th day of January, 1879, at Ninety-Six in the county and state aforesaid, the defendant wrongfully took said goods and chattels from the possession of this plaintiff, and still unjustly detains the same to the damage of this plaintiff five thousand dollars.

Wherefore the plaintiff demands judgment against Julius F. C. DuPre, as sheriff, of the county and state aforesaid, the aforesaid defendant, for the recovery of possession of said goods and chattels, or for the sum of nine hundred dollars, the value thereof, in case a delivery cannot be had; together with five thousand dollars, his damages and for his cost.

J. A. RICHARDSON and EUGENE B. GARY,<br>Plaintiff's Attorneys.

The answer was as follows:

The defendant J. F. C. DuPre, by McGowan & Parker, his attorneys, answering the complaint above, alleges:

1st. This defendant denies each and every allegation of the first and second paragraphs of the complaint.

2d. For a further defence.

This defendant alleges that he did as sheriff, on 7th day of January, 1879, by virtue of a warrant of attachment to him directed, in the case of Clayton & Webb, plaintiffs against Wm. E. Walker, defendant, seize and attach in the possession and under the control of said defendant, the goods and chattels mentioned in the complaint, amounting in value to the sum of six hundred and forty-five $\frac{90}{100}$ dollars as aforesaid, as the property of said Wm. E. Walker, the debtor, under the instructions

received from the plaintiffs and their attorneys, the ownership the plaintiff in this case being denied, and he insists that the said plaintiff is not entitled to the recovery of the goods and chattels or damages.

Wherefore the defendant demands judgment against the plaintiff for his costs.

McGOWAN & PARKER,
Defendant's Attorneys.

Plaintiff proved the bill of sale made by William E. Walker to him on December 10, 1878, and the subsequent seizure of the property by the defendant, as sheriff, under warrant of attachment issued at the suit of Clayton & Webb against said Walker. He also proved that his attorney at the time of the seizure had stated to the sheriff that plaintiff would proceed against him for damages, and the plaintiff also proved the value of the goods and the amount of damages sustained by him. Defendant by several witnesses proved declarations of Walker that Paris was only his clerk, and had no interest in any of the goods at Ninety-Six; that Walker purchased goods from several parties and ordered them shipped to Spartanburg, from which point he reshipped them to several parties at different places, some of them to Paris at Ninety-Six; that when arrested for selling liquors to Paris without a license, he testified before the U. S. Commissioner that he had not sold to Paris, but only shipped to him.

In the bill of sale, it is stated that Walker owned a two-thirds interest in the business at Ninety-Six, and Paris one-third; that Paris purchased Walker's interest at and for the price of $607 to be paid "at once." There was also evidence that Paris was a man of no means.

The presiding judge charged the jury as follows:

That this was a question of fact for the consideration of the jury. That the question was as to the ownership of the goods seized by the sheriff, as the property of William E. Walker, under attachment at the suit of Clayton & Webb, in the possession of R. J. Paris, plaintiff; and was the sale made, as alleged, by Walker to Paris on 10th Dec., 1878, before the

attachment of his interest in the stock of goods at Ninety-Six, in good faith, or was it sham and pretensive? that the jury were to take into consideration all the facts of the case as appeared from the evidence, and if they came to the conclusion that the goods were the property of R. J. Paris, plaintiff, then their verdict should be for plaintiff; otherwise then for defendant.

. His Honor also states in his report of the case as follows:

The plaintiff's attorney excepted to the admission of all the testimony tending to show the pecuniary condition of Walker at the time of the alleged sale. Also, to the admissibility of the testimony of the plaintiff herein, as to what he testified in the case of *Kennesaw Mills Co.* v. *William E. Walker*, supplementary proceedings. Also, to the admissibility of parol testimony as to what W. E. Walker testified on his preliminary examination before United States Commissioner. Also, to the testimony of W. Y. Holland and others taken by commission as to the declaration of W. E. Walker, and generally to the proof of all those circumstances tending to show that William E. Walker had probably transferred the property in question to the plaintiff in order to defeat the claims of his creditors.

I overruled these objections on the ground that these circumstances bore upon the question submitted to the jury as to, whether the alleged sale was real or only pretensive.

J. B. Kershaw,

April 22, 1881.                    Presiding Judge.

Verdict was for defendant, and plaintiff appealed upon the following exceptions:

Take notice that the plaintiff Reuben J. Paris excepts to the rulings of the presiding judge, and will appeal to the Supreme Court from the verdict and judgment herein rendered, at the January term, 1881, of the Court of Common Pleas for Abbeville county, and move to reverse the same, and for a new trial, on the following grounds:

1. Because the presiding judge erred in ruling that the defendant could prove fraud when neither fraud nor facts tending to show fraud were alleged in defendant's answer.

2. Because the presiding judge erred in allowing evidence of facts tending to show fraud when the answer of defendant contained only a general denial of plaintiff's title and right of possession of the personal property in dispute, and an allegation that defendant seized said goods, as sheriff, by virtue of a warrant of attachment against William E. Walker.

3. Because the presiding judge erred in allowing the declarations of William E. Walker, not made in the presence of the plaintiff Reuben J. Paris, to be offered in evidence.

4. Because the presiding judge erred in allowing the defendant to offer any evidence except such as tended to prove the allegations of the answer.

5. Because the verdict and judgment are in all respects contrary to the law and evidence.

EUGENE B. GARY and ORVILLE T. CALHOUN,<br>Plaintiff's Attorneys.

Mr. *Eugene B. Gary*, for appellant.

Messrs. *Parker & McGowan*, contra.

May 12, 1882. The opinion of the court was delivered by

MR. JUSTICE FRASER. This was an action for the delivery of certain goods and chattels and for damages for the wrongful taking and detention of the same, the plaintiff alleging lawful possession in himself, and the defendant, after denying each and every allegation of the complaint, setting up a levy under an attachment and an execution in favor of *Clayton & Webb* v. *Wm. E. Walker*, under whom plaintiff claimed. Under the instructions of the presiding judge as to the law the jury found a verdict for the defendant, and from the judgment entered upon this verdict an appeal has been taken to this court. Several questions were raised on the Circuit, and have been discussed in the argument before this court, which do not arise on the exceptions and cannot be considered.

The 1st, 2d, and 4th exceptions are substantially the same: that, neither fraud nor facts tending to show fraud in the plaintiff's title from Wm. E. Walker having been alleged by de-

fendant, it was not competent to introduce evidence to show it. The complaint in this case alleges title in the usual way, that the plaintiff was ".lawfully possessed" of the property in dispute ; and the general denial puts in issue every fact which goes to make up that title—the execution, the consideration, and good faith of the transfer of the property to him. A defence which admits the plaintiff's claim and seeks to avoid it must be set up in the answer distinctly and with due particularity, but this is not necessary where the defence denies *in toto* the plaintiff's claim.

The plaintiff in opening his case was bound only to show that the property was taken from his possession by the defendant, its value, and damages, if any. The burden of proof was then on the defendant, but as soon as he showed that he had seized the property by virtue of process against W. E. Walker, at the suit of a creditor, and that W. E. Walker had purchased and been the owner of it, the burden was again thrown on the plaintiff to show a valid transfer to himself. At this point, upon whomsoever may have been the burden of proof as to *bona-fide* consideration, it was a mere question of evidence as to the validity of the transfer from Walker to plaintiff, R. J. Paris. See *Lyles & Bolles*, 8 *S. C.* 263. This court, therefore, holds that the evidence in the case, which tended to show that the transfer of the property from Walker to plaintiff was fraudulent, was properly admitted.

The 3d exception is as follows: "Because the presiding judge erred in allowing the declarations of Wm. E. Walker not made in the presence of plaintiff Reuben J. Paris to be offered in evidence."

In this case there was evidence "that Wm. E. Walker arrived at Ninety-Six on the railroad train about 12 o'clock December 10, 1878 ; that said Walker and Paris went to the house of Richardson (an attorney-at-law) after supper at night to get him to prepare a bill of sale from Walker to Paris of his interest in the goods ; that no money passed on the occasion, and that Walker left Ninety-Six on a freight train, as plaintiff testified, about 8 o'clock P.M." The deed of assignment bears this date and recites payment in full of $607 at and before the

delivery of the deed. It is also in proof that certain barrels of whiskey, in which it seems these parties were dealing, had been shipped to Walker at Spartanburg, and, without being taken from the depot, were reshipped to Ninety-Six to Paris, and that many of the barrels and packages seized by the defendant had the mark "Walker" erased and Paris put on them. Plaintiff claims that they were partners.

Where a consideration between the assignor and assignee, with a view to perpetuate a fraud on creditors by means of the assignment (which fraud has not then been perfected), is previously established, the declarations of the assignor will be evidence against the assignee to the fullest extent, though made after the assignment. *Cuyler* v. *McCartney*, 33 *Barb.* 165. There was at least sufficient evidence of collusion between Walker and Paris to allow these statements, whether before or after the date of the assignment, to go to the jury.

The only statement of Walker *after* the assignment was one made before C. P. Wafford, referee in another cause, and seems to have been in presence of Paris, and if it were not so, is of such a character as would not have prejudiced the plaintiff; and for this reason its admission would be no ground for a new trial.

The 5th exception is too general to require any judgment of this court upon it.

The necessity for a return of *nulla bona* on an execution before proceeding against personal property fraudulently disposed of by a debtor has not been presented by the exceptions in this case. It seems, however, to have been the practice in this state in such case to levy and sell as though *no such sale had been made. Motte* v. *Aiken*, 2 *Spears*, 115 ; *De Millen* v. *McAlliley*, 2 *McM.* 499 ; *Force* v. *Aiken*, 4 *Rich.* 133.

It is therefore ordered and adjudged that the exceptions be overruled, the judgment of the Circuit Court affirmed, and the appeal dismissed.